UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH PALM,

      Petitioner,                          Case No. 1:24-cv-12651

v.                                                  Honorable Thomas L. Ludington
                                                       United States District Judge
ERIC RARDIN,

      Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS,
DENYING MOTION PREEMPTIVELY OBJECTING TO EXTENSIONS AS MOOT,
DENYING MOTION OBJECTING TO BRIEFING SCHEDULE AS MOOT, AND
DENYING MOTION TO EXPEDITE AS MOOT**

After serving a 204-month term of imprisonment for a 2004 federal felony conviction, Petitioner Kenneth Palm was placed on supervised release. But Petitioner continually violated his conditions of release, so his release was revoked. Accordingly, he is currently serving an approximate eighteen-month term of imprisonment at FCI Milan in Michigan.

In October 2024, Petitioner filed a petition for a writ of habeas corpus seeking an order immediately transferring him to a Residential Reentry Center. Petitioner then filed two motions concerning his Petition's briefing schedule and a motion seeking expedited consideration of his Petition. But because Petitioner did not exhaust his administrative remedies before filing his Petition, the Petition will be dismissed without prejudice, and his three motions will be denied as moot.

I.

In 2004, Petitioner Kenneth Palm was convicted of conspiring to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and possessing a firearm in furtherance of that conspiracy, 18 U.S.C. § 924(c). *United States v. Palm*, No. 24-1992, 2025 WL 1088187, at *1

(7th Cir. Apr. 11, 2025). He was then sentenced to 204 months of imprisonment to be followed by thirteen years of supervised release. *Id.* Petitioner "served his prison sentence and was released to supervision, but he repeatedly violated his court-imposed conditions, and his release was revoked three times." *Id.* Most recently, Petitioner's release was revoked on May 10, 2024, and he is currently serving a term of imprisonment "of 18 months and 8 days" at FCI Milan in Michigan. *Id.*; *see also* ECF Nos. 1 at PageID.1; 9-2 at PageID.52–53, 62.

On September 18, 2024, FCI Milan prepared a Residential Reentry Center (RRC) referral for Petitioner and sent it to the Chicago Residential Reentry Management office. ECF No. 9-2 at PageID.53, 59. The referral recommended that Petitioner be placed in an RRC facility in Chicago on September 25, 2024. *Id.* But in response, the Chicago facility gave Petitioner an RRC placement date of April 15, 2025. *Id.* at PageID.54, 62. Meanwhile, after applying good conduct credits, the Federal Bureau of Prisons (BOP) anticipates releasing Petitioner from custody on May 5, 2025. *Id.* at PageID.52, 54, 59.

On October 8, 2024, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. The terse Petition asserts the following:

> I was scheduled to be released to RRC/HC on September 25, 2024. On that date I was informed that there was no available bed space at the Peoria, Illinois RRC/HC. 18 U.S.C. 3624(g). No such condition concerning bed availability is included among the requirements for eligibility under section 3624(g). Immediate placement in prerelease custody is nevertheless required under section 3632(d)(4)(c). Milan [BOP] has violated the governing federal statutes by failing to place Petitioner – transfer Petitioner to prerelease custody.

*Id.* at PageID.6–7. Based on these assertions, Petitioner requests that this Court order "BOP [to] transfer him to prerelease custody – RRC/HC." *Id.* at PageID.8.

After Petitioner filed his Petition, this Court directed the Government to respond to it by December 9, 2024, and permitted Petitioner to file a reply within forty-five days after the Government files its Response. ECF No. 3. Petitioner then filed a flurry of largely duplicative

motions. *See* ECF Nos. 6; 7; 8. First, Petitioner filed a motion that preemptively objected to "any expansion or extension of time being awarded to Respondent." ECF No. 6 at PageID.27. Second, he filed a motion objecting to how long the Government had to respond to his Petition. ECF No. 7. Third, Petitioner filed a motion stating that he waives his right to reply to the Government's Response and requesting an expedited ruling on his Petition. ECF No. 8.

**II.**

Under 28 U.S.C. § 2241, federal prisoners may petition for writs of habeas corpus challenging the legality of "the manner in which" their "sentence is [being] executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998); *see also Hall v. Eichenlaub*, 559 F. Supp. 2d 777, 779–80 (E.D. Mich. 2008). But before filing these petitions, prisoners must fully exhaust any available administrative remedies unless doing so would be futile. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). And if a prisoner fails to exhaust available administrative remedies, a court may dismiss the petition. *See Otero v. Dove*, 23 F.3d 407 (6th Cir. 1994).

The BOP makes available to federal prisoners a multi-tiered administrative grievance process. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the prison warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a), 542.18. If the prisoner is unsatisfied with the warden's response, the prisoner can file a BP-10 Form to appeal to the Regional Director, who then has 30 days to respond. *See* 28 C.F.R. 542.15, 542.18. If the prisoner is unsatisfied with the Regional Director's response, the prisoner may file a BP-11 Form to appeal to the General Counsel, who then has 40 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18.

### III.

Petitioner's Petition is procedurally defective: As he admits, Petitioner did not fully exhaust his administrative remedies before filing his Petition. *See* ECF No. 1 at PageID.2–3. Instead, Petitioner filed a hand-written administrative grievance with the BOP on October 8, 2024, the same day he filed his Petition. *Compare* ECF No. 1 *with* ECF No. 9-3 at PageID.72. The BOP rejected his filing on October 22, 2024, because it did not comply with BOP filing requirements. See ECF No. 9–3 at PageID.66, 74. Petitioner neither appealed this rejection nor properly refiled his grievance. *See generally* ECF No. 9-3.

Petitioner's argument to the contrary is misplaced. Petitioner argues that the futility exception to exhaustion applies to his Petition. *See* ECF Nos. 1 at PageID.3; 10 at PageID.75–77. Specifically, he argues that he may not have had enough time to exhaust the administrative remedy process before his April 2025 transfer to the RRC, which would moot his ability to file a habeas petition. *See id.* But this argument confuses what Petitioner must demonstrate to establish the futility exception's applicability. To demonstrate futility, a prisoner must provide evidence that the BOP (1) indicated "'that it does not have jurisdiction over the matter,'" or (2) evinced "'a strong position on the issue together with an unwillingness to reconsider.'" *Colton v. Ashcroft*, 299 F. Supp. 2d 681, 690 (E.D. Ky. 2004) (quoting *James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C. Cir. 1987)). Petitioner's timing argument provides evidence of neither. And Petitioner's timing argument ignores that the BOP could have reversed course in the administrative grievance process and promptly transferred him to the RRC—providing him the relief he sought.

In sum, Petitioner did not fully exhaust his administrative remedies before filing his Petition. Accordingly, the Petition for a Writ of Habeas Corpus, ECF No. 1, will be dismissed

- 4 -

- 5 -

without prejudice. Further, Petitioner's Motions concerning the briefing schedule and Motion to Expedite, ECF Nos. 6; 7; 8, will be denied as moot.

### IV.

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that the Petitioner's Motion Preemptively Objecting to Extensions, ECF No. 6, is **DENIED AS MOOT**.

Further, it is **ORDERED** that the Petitioner's Motion Objecting to the Briefing Schedule, ECF No. 7, is **DENIED AS MOOT**.

Further, it is **ORDERED** that the Petitioner's Motion to Expedite, ECF No. 8, is **DENIED AS MOOT**.

**This is a final order and closes the above-captioned case.**

Dated: April 30, 2025                  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge